UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN D. FRAZIER,

    Plaintiff,

v.

JEFFREY WOODS, et al.,

    Defendants.
_____/

Case No. 2:17-cv-89

HON. JANET T. NEFF

## MEMORANDUM OPINION AND ORDER

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On November 5, 2018, the Magistrate Judge issued a Report and Recommendation (R&R), recommending that this Court grant in part Defendants' motion for summary judgment and dismiss without prejudice Defendants MacArther, Russo, Herbert, Line, J. Grove, D. Gallagher, Kathy Olsen, and Mark W. Pokley due to Plaintiff's failure to exhaust administrative grievance remedies. According to the docket, the Report and Recommendation was mailed to Plaintiff that same day. On November 30, 2018, no objections having been filed, the Court issued an Order approving and adopting the Report and Recommendation as the Opinion of the Court (ECF No. 64). Now pending before the Court is Plaintiff's December 3, 2018 Objection to the Report and Recommendation (ECF No. 66).

    An objecting party is required to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). This Court, in turn, is required to perform de novo

consideration of those portions of a Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

Plaintiff wholly fails to address—let alone identify any error in—the Magistrate Judge's exhaustion analysis or conclusion. Rather, Plaintiff merely indicates that he wishes to "reserve the right to object to the conclusions of failure to properly exhaust the claims against Defendant MacArther and Sgt. Gallagher" (ECF No. 66 at PageID.384). Specifically, Plaintiff indicates that "when proof of exhaustion is obtained, I wish to revisit the claims against MacArther and Sgt. Gallagher" (*id.*).

However, Plaintiff was informed that failing to object to the Report and Recommendation may constitute a waiver of any further right of appeal (R&R, ECF No. 63 at PageID.380, citing *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)). Even assuming arguendo that Plaintiff's Objection was timely filed, the Objection is properly denied. *See, e.g., Atugah v. Dedvukaj*, No. 16-1862, 2017 WL 2698255, at *1–2 (6th Cir. May 17, 2017). Pursuant to the dates set forth in the December 3, 2018 Case Management Order (ECF No. 65), Plaintiff's Eighth Amendment failure-to-protect claims will continue against Defendants Butler, Isard, McGeshik, Dunton, G. McLeod, and M. Marlette, only. Further, because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Accordingly:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 66) is DENIED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: December 17, 2018 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge